UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 17-10127-DJC

UNITED STATES OF AMERICA

v.

ACEMAR DAMACENO

**MEMORANDUM AND ORDER RE:**
**MOTION FOR DISCOVERY**
**(DOCKET ENTRY # 33)**

**August 23, 2017**

**BOWLER, U.S.M.J.**

Pending before this court is a motion for discovery filed by defendant Acemar Damaceno ("the defendant") seeking information to support a motion to suppress evidence seized in execution of a search warrant under LR. 116.2(b)(1)(B). Citing Franks v. Delaware, 438 U.S. 154 (1998) ("Franks"), the defendant maintains "that material information was omitted from the warrant application and that, had that information been disclosed, the application would have failed to demonstrate probable cause." (Docket Entry # 33). The government opposes the motion (Docket Entry # 39) and, after conducting a hearing on August 22, 2017, this court took the motion (Docket Entry # 33) under advisement.

DISCUSSION

The defendant contends that the omission of three facts from a search warrant affidavit justifies discovery of the following

to support a hearing under Franks:[1] (A) information about unsuccessful efforts by an informant ("CI") to contact the defendant after March 11, 2017 (when the defendant showed the CI two firearms in the basement of the defendant's purported residence and offered to sell the CI guns) which, if disclosed, would undermine the likelihood of guns still being present in the basement on April 6, 2017, when this court issued the search warrant (Docket Entry # 33-2, pp. 22-23, 28-29); (B) promises, rewards, or inducements offered to the CI for his work; (C) the CI's criminal record; (D) the CI's deactivation and related documentation and any reactivation; and (E) the most recent seizure of firearms based on information provided by the CI. (Docket Entry # 33). The three omitted facts, uncovered during testimony at a detention hearing by Special Agent Robert H. Rice of the Department of Homeland Security's Homeland Security Investigations ("HSI"), who was also the affiant of the search warrant affidavit, are: (1) the CI's unsuccessful attempts to

---

[1] Where, as here, the defendant relies on the omission of facts from an affidavit:

> "suppression should be ordered only if the warrant application, clarified by disclosure of previously withheld material, no longer demonstrates probable cause." United States v. Stewart, 337 F.3d 103, 105 (1st Cir. 2003). Therefore, Reiner must make "a substantial preliminary showing" that, considering the previously withheld material, Giguere's affidavit fails to demonstrate probable cause, Franks, 438 U.S. at 155-56 . . . ..

United States v. Reiner, 500 F.3d 10, 14 (1st Cir. 2007).

contact the defendant to follow up on the defendant's March 11, 2017 offer to sell guns to the CI; (2) the deferred processing of paperwork for removal proceedings of the CI, who is not a legal resident, as a result of the CI's cooperation; and (3) the dismissal of the CI's criminal record, presumably because of his cooperation. (Docket Entry # 33-2, pp. 19-23, 28-29).

As to the first omitted fact, Special Agent Rice's testimony explained that, according to the CI, the defendant was not available to meet because he was out of town working on the Cape. (Docket Entry # 33-2, pp. 4, 22-23). Thus, this fact about the CI's interactions with the defendant during this time period did not merit inclusion in the affidavit and its omission did not materially impact, if at all, the showing of probable cause. See generally United States v. Avery, 295 F.3d 1158, 1167 (10th Cir. 2002) (if court at Franks hearing "concludes that the omitted information would not have altered the magistrate judge's decision to authorize the search, then the fruits of the challenged search need not be suppressed"). Moreover, the fact that the defendant was out of town does not undermine the likelihood that the guns would still be present on April 6, 2017 because the defendant's absence limited his opportunity to sell the guns. Hence, the discovery related thereto sought in category (A) is denied.

The next two omitted facts concern the CI's reliability and

3

credibility. First, "A *Franks* hearing does not test the credibility of an informant, rather it 'is addressed to the veracity and care of the affiant,'" in this instance, Special Agent Rice. United States v. v. Jordan, Crim. No. 09-10139-JLT, 2010 WL 625280, at *3 (D. Mass. Feb. 23, 2010); see United States v. Moon, Crim. No. 11-10223-DJC, 2012 WL 2178923, at *13 (D. Mass. June 13, 2017) (denying discovery motion seeking information about informant and noting that, even in Franks hearing, "the veracity of the affiant's statements . . ., not a confidential informant, is at issue"). That said, in assessing the existence of probable cause, or lack thereof, the CI's credibility remains at issue and, in making that credibility assessment, the court examines a number of factors such as:

> whether an affidavit supports the probable veracity or basis of knowledge of persons supplying hearsay information; whether the informant statements are self-authenticating; whether some or all of the informant's factual statements were corroborated wherever reasonable and practicable . . .; and whether a law enforcement affiant included a professional assessment of the facts related by the informant based on experience.

United States v. Greenburg, 410 F.3d 63, 67 (1st Cir. 2005); Moon, 2012 WL 2178923, at *9 (citing Greenburg and identifying these factors).

Second, the information in the affidavit about the CI's tested reliability, the CI's identification of the defendant by photograph as the "'Marcus'" he was introduced to when he visited the defendant's purported residence on March 11, 2017, and that

4

"[l]aw enforcement had previously received information that firearms and ammunition were present at the" premises (Docket Entry # 33-3) combine, along with other facts in the affidavit, to discount the relevancy of the additional information as negating probable cause. As stated in the search warrant affidavit, "The [CI] has provided reliable information to HSI and the Bureau of Alcohol, Tobacco, and Firearms . . . since approximately 2010" and "worked on approximately eight investigations with" these agencies "resulting in the *seizure* of more than fifty *illegal* firearms and various quantities of ammunition." (Docket Entry # 33-3) (emphasis added). The Jordan court considered similar information as support to deny discovery of an informant's reliability to support a Franks hearing. See Jordan, 2010 WL 625280, at *5 ("clerk-magistrate knew that some of the information that the CI had provided had proved to be reliable and had led to seven arrests and two convictions").[2] The affidavit also denotes the CI as "a particular registered informant" that HSI has worked with and developed. (Docket Entry # 33-3, ¶ 6). In addition, it discloses the CI's introduction "to 'Marcus' through a mutual friend," and the CI's personal knowledge acquired during the March 11, 2017 visit to the

---

[2] This court recognizes that the affidavit in Jordan had additional information including police surveillance and a prior controlled purchase of suspected narcotics shortly before the execution of the warrant. See Jordan, 2010 WL 625280, at *5.

premises where "'Marcus' led him to the basement" and told the CI he could "get guns to sell" the CI. (Docket Entry # 33-3).

The foregoing information in the affidavit belies the need to discover the information in the remaining categories ((B) through (E)) because the strength of the CI's repeated and tested reliability along with the foregoing information in the affidavit regarding the CI's credibility show that the additional information would not have changed the calculus let alone the decision to issue the warrant. In other words, although the search warrant depended heavily on information from the CI, the CI was not "an informant of 'untested reliability'" even though the police corroboration was not strong. See Moon, 2012 WL 2178923, at *13 n.6.

Separately, the government represents that it "has not determined whether it intends to call the [CI] as a witness" at trial. (Docket Entry # 39). Indeed, Special Agent Rice testified that he was not aware if the CI had testified in a prior court proceeding. (Docket Entry # 33-2, p. 21). Should the government anticipate calling the CI as a witness in its case-in-chief, the government shall disclose: (1) any "statement whether any promise, reward, or inducements has been given to" the CI as requested in category (B); and (2) a copy of the CI's criminal record as requested in category (C). Further, as explained in Jordan, "information that casts doubt on the

accuracy of the information in the search warrant affidavit may 'cast doubt on the admissibility of evidence the government anticipates offering in its case-in-chief,' i.e. the fruits of the search," and "must be produced promptly in accordance with L.R. 116.2(B)(1)(b)." Jordan, 2010 WL 625280, at *3.

As a final matter, the defendant requests that, "In the event that this Court denies this motion, . . . that such denial be without prejudice, pending the filing of a *Franks* motion." (Docket Entry # 33).  Adhering to the adjudication in Jordan, 2010 WL 625280, at *5 (denying discovery motion without prejudice "subject to renewal if the defendant submits evidence that the search warrant affidavit contained false information and that absent such evidence the court lacked probable cause for the warrant"), a denial without prejudice is warranted under the circumstances present in this case.

## CONCLUSION

In accordance with the foregoing discussion, the motion for discovery (Docket Entry # 33) is **DENIED** without prejudice subject to renewal if the defendant submits evidence that the search warrant affidavit contained false information or material omissions and that, absent such evidence, this court lacked probable cause for the warrant.

                           /s/ Marianne B. Bowler
                           **MARIANNE B. BOWLER**
                           United States Magistrate Judge